IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL S. BOWE**                                                                        **PETITIONER**

**V.**                                           **CIVIL ACTION NO. 3:22CV515 HTW-LGI**

**WARDEN UNKNOWN BOULETT**                                       **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Michael Bowe's Motion to Voluntarily Dismiss his petition. Bowe filed the instant petition pursuant to 28 U.S.C. § 2241, seeking to utilize the saving clause of § 2255(e) to challenge his sentence based on *United States v. Davis*, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019) and *United States v. Taylor*, 142 S. Ct. 2015, 213 L. Ed. 2d 349 (2022). Bowe contends that these cases establish new rules of statutory interpretations that undermine his sentence and convictions—an argument previously rejected in his §2255 proceedings by both his sentencing court and the circuit court of appeals.[1] Respondent moved to dismiss the petition for lack of jurisdiction asserting that Petitioner's claim fails to satisfy the saving clause of § 2255(e). Petitioner at first opposed the motion, but now seeks to voluntarily dismiss his petition based on the United States Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. —143 S. Ct. 1857, — L.Ed.2d — (June 22, 2023), which significantly changed the landscape for petitioners seeking to bring a § 2241 petition via the saving clause of § 2255(e).

---

[1] *See In re Michael Bowe*, No. 22-12278-A (11th Cir. Aug. 3, 2022); *In re Michael Bowe*, No. 22-12211- A (11th Cir. July 15, 2022); *In re Michael Bowe*, No. 19-12989-B.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct. *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citation omitted). A § 2241 petition "is used to challenge the manner in which a sentence is executed," such as the computation of custody credits and parole eligibility, and it is properly brought in the district of incarceration. *Id.* A § 2255 petition is "the primary means of collaterally attacking a federal sentence," and is properly brought in the district of conviction. *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted). Section 2255 strictly limits second or successive motions unless certain enumerated conditions are met.

In the past, however, the Fifth Circuit and other circuits have considered what the *Jones* Court describes as an AEDPA "workaround." That is, if a petitioner could show that a § 2255 remedy was "inadequate and ineffective" because (i) his claim was "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and, (ii) the claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion," he could proceed under the saving clause of § 2255(e). *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), *abrogated by Jones v. Hendrix*, 143 S. Ct. 1857 (2023). The Supreme Court has now made clear, however, that "the saving clause does not authorize such an end-run around AEDPA" abrogating *Reyes-Requena* and similar circuit court decisions. *Jones*, 143 S.Ct. at 1860. Rather, the only two conditions in which a second or successive § 2255 motion may proceed are expressly outlined in § 2255(h): either (1) newly discovered evidence of innocence; or

2

(2) a new, retroactive rule of constitutional law. *Jones*, 143 S. Ct. at 1867 (citing 28 U.S.C. § 2255(h)). The Court explained that "[t]he inability of a prisoner with a statutory claim to satisfy [these] conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 143 S. Ct. at 1869. A prisoner, such a Bowe, "asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition" may not proceed under the saving clause.

Because Petitioner rightly concedes that *Jones* forecloses his claim, the undersigned recommends that the motion to voluntarily dismiss be granted and the petition be dismissed with prejudice for lack of jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended,

effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted on August 29, 2023.

s/ LaKeysha Greer Isaac<br>
UNITED STATES MAGISTRATE JUDGE